21-2112-cr
United States v. Barton

## UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

### SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 22nd day of November, two thousand twenty-two.

PRESENT: RAYMOND J. LOHIER, JR.,
SUSAN L. CARNEY,
ALISON J. NATHAN,
*Circuit Judges.*

------------------------------------------------------------------

UNITED STATES OF AMERICA,

*Appellee,*

v.                                                                          No. 21-2112-cr

ALLAN BARTON,

*Defendant-Appellant.*

------------------------------------------------------------------

FOR DEFENDANT-APPELLANT:              COLLEEN P. CASSIDY, Assistant
                                      Federal Defender, Federal
                                      Defenders of New
                                      York, Inc., New York, NY

1

FOR APPELLEE:                                FRANK TURNER BUFORD,
                                             Assistant United States
                                             Attorney (Jo Ann M. Navickas,
                                             Assistant United States
                                             Attorney, *on the brief*), *for* Breon
                                             Peace, United States Attorney,
                                             Eastern District of New York,
                                             Brooklyn, NY

Appeal from a judgment of conviction entered in the United States District

Court for the Eastern District of New York (William F. Kuntz, II, *Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED,

AND DECREED that the judgment of the District Court is AFFIRMED.

Allan Barton appeals from an August 27, 2021 judgment of conviction

entered in the United States District Court for the Eastern District of New York

(Kuntz, J.), following a jury trial at which he was found guilty of being a felon in

possession of a firearm in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2).  We

assume the parties' familiarity with the underlying facts and the record of prior

proceedings, to which we refer only as necessary to explain our decision to

affirm.

I.      The Admission of Statements by Uncalled Witnesses

Barton first argues that the District Court erroneously admitted the

statements of three uncalled witnesses, who allegedly told police officers that the driver of a white van threatened them and had a gun. Assuming without deciding that the District Court's decision to admit these statements was error, we conclude that any error was harmless.

The erroneous admission of evidence is harmless if "the appellate court can conclude with fair assurance that the evidence did not substantially influence the jury." United States v. Riggi, 541 F.3d 94, 105 (2d Cir. 2008) (quotation marks omitted). "In making this determination, we consider principally whether the government's case against the defendant[] was strong; whether the evidence in question bears on an issue that is plainly critical to the jury's decision . . .; whether the evidence was emphasized in the government's presentation of its case and in its arguments to the jury; and whether the case was close." Id. (quotation marks omitted).

The evidence against Barton was overwhelming even without the specific witness statements that bore directly on whether he possessed a gun. Police officers testified that they approached a van after speaking with three men. As they neared it, the driver fled the scene, sped several blocks with the officers in pursuit, exited the van, and then ran, at which point the officers caught and

arrested him. The officers also testified that the driver, whom they later identified as Barton, was the only person in the van. Sharon Daniels, a lay witness, testified that she watched police pursue a white van, saw a hand throw an object out of the van's driver-side window, heard a loud noise as the object hit a car, smelled "a faint scent like a fire cracker," found a gun nearby, and discovered that her car (which was parked on the street of the chase) was damaged. Def. App'x 75-81. Physical and photographic evidence supported Daniels's testimony and showed that the gun she found was shattered. Finally, a forensic specialist testified that Barton's DNA was on the gun.

Moreover, although its witnesses referred several times to statements made by the three men, see e.g., Def. App'x 43, 70, the Government only briefly referenced their statements during its closing remarks and focused primarily on Daniels's testimony, see Gov't App'x 145 ("Members of the jury, simply put, if you believe Miss Daniels' testimony . . . you have proof beyond a reasonable doubt to convict the defendant."). Accordingly, we conclude that any error that the District Court may have committed in admitting the statements was harmless.

Likewise, a Confrontation Clause violation is harmless if the reviewing

court is "satisfied beyond a reasonable doubt that the error complained of . . . did not contribute to the verdict obtained." United States v. Lee, 549 F.3d 84, 90 (2d Cir. 2008) (quotation marks omitted). Because the evidence against Barton was overwhelming, we conclude that any constitutional error that the District Court may have committed in admitting the statements was also harmless. See id.

II. The Uncalled Witness Charge

Barton next argues that the District Court erred by providing an uncalled witness charge, in which it explained that both parties "had an equal opportunity or lack of opportunity to call" any of the "several persons who were identified during the trial, but who did not . . . testify." Def. App'x 132. The charge also instructed the jury not to "draw any inference or reach any conclusions as to what they would have testified to had they been called" and that "[t]heir absence should not affect [the jury's] judgment in any way." Id. at 132-33. In connection with the charge, the District Court reminded the jury that "the law does not impose on a defendant in a criminal case the burden or duty of calling any witnesses or producing any evidence." Id. at 133.

We review challenges to jury instructions de novo and will reverse a conviction on the basis of an erroneous instruction "only where, viewing the

5

charge as a whole, there was a prejudicial error." United States v. Calderon, 944 F.3d 72, 90 (2d Cir. 2019) (quotation marks omitted). As for the specific instruction that Barton challenges here, the general rule is that "[w]hen a witness equally available to both sides is not called by either, the trial court may in its discretion . . . instruct the jury that no unfavorable inference can be drawn against either side." United States v. Bahna, 68 F.3d 19, 22 (2d Cir. 1995). "[T]he availability of a witness . . . depend[s] . . . on all the facts and circumstances bearing upon a witness's relation to the parties, rather than merely on physical presence or accessibility." United States v. Saa, 859 F.2d 1067, 1076 (2d Cir. 1988) (quotation marks omitted). Here, the uncalled witnesses were equally unavailable to both sides because they remained unidentified after police canvassing and were never "peculiarly within the government's control." United States v. Torres, 845 F.2d 1165, 1170 (2d Cir. 1988).

Barton argues that the uncalled witness charge was prejudicial because it "suggested that the jury could not even consider the fact that the [three] men disappeared and were not available at trial in determining whether to believe the accusations." Appellant's Br. 40. Although the charge prohibited jurors from considering the fact that the three uncalled witnesses did not testify, jurors

6

remained free to draw inferences about the credibility of the statements that they made based on the fact that they disappeared after speaking with the police, which was the argument actually advanced by defense counsel during the summation. Def. App'x 114. Under these circumstances, we conclude that even if giving the charge were error, it was not prejudicial.

We have considered Barton's remaining arguments and conclude that they are without merit. For the foregoing reasons, the judgment of the District Court is AFFIRMED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court
